Since I respectfully disagree with the majority in its resolution of the key issues, I dissent.
I do not believe that the parties to the agreement between the city of Columbus and Local 67 of the International Association of Firefighters ever intended to distinguish between injuries suffered in a single event and injuries suffered during a series of events. Carpal tunnel syndrome, as I understand it, is the result of repeated small traumas to the wrist. The syndrome rarely results from a single event, but is usually an injury which results from a series of events.
The majority opinion cites Section 24.2, which reads:
 Injury leave with pay shall be granted to any such employee only for injuries or other disabilities determined by the Finance Department Director or designee as caused or induced by the actual performance of his or her position. Cardiovascular, respiratory, and pulmonary disabilities shall be presumed to be service-connected. * * *
Under the theory espoused in the majority opinion, cardiovascular, respiratory and pulmonary disabilities which result from a single incident of inhaling smoke could be allowed injury leave with pay. However, a firefighter whose disability resulted from a series of incidents of inhaling smoke could be denied injury leave with pay because the firefighter did not suffer from a single incident as required by the Director of the Finance Department. In theory, at least the firefighter did not suffer from an "other disability" or an "injury" as a result of an incident. The presumption set forth in Section 24.2 clearly conflicts with the definition utilized by the Director of the Finance Department and results in presuming that which cannot be so if the definitions are literally applied.
I find the present result no less absurd. Firefighters who injure their wrists in a series of events are no less entitled to relief than those who injure their wrists in a single event. I find the result even more absurd given the stipulation of the city of Columbus that carpal tunnel syndrome was a result of the work performed by the firefighters on the city's behalf.
I realize that the firefighters who were injured will receive some relief from the workers' compensation system, but those benefits are less than the one hundred eighty days of full pay for which the firefighters bargained and to which the city of Columbus agreed. I do not believe that the city can agree to one thing at the bargaining table and then take the benefits away with rules and regulations which are narrowly construed.
I believe that Local 67, International Association of Firefighters bargained for and should receive on behalf of its membership one hundred eighty days of sick leave with pay under these circumstances. Since the majority of this panel does not grant that relief, I respectfully dissent.